IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT MEYERS,                )
                              )
            Plaintiff,        )
                              )
     v.                       )    No. 05 C 4447
                              )
SMITH-NEPHEW RICHARDS,        )
                              )

MEMORANDUM ORDER

Smith and Nephew, Inc. (mistakenly sued as Smith-Nephew Richards) has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Robert Meyers ("Meyers") in this products liability action. This memorandum order is issued sua sponte to address three problems with that responsive pleading.

First, Answer Count I ¶2 is wholly uninformative in stating that defendant "admits all duties imposed by law" and in denying any allegations "that are inconsistent with Illinois law." Mind-reading and guessing are this Court's short suit, and the first sentence of Fed. R. Civ. P. ("Rule") 8(b) mandates a direct answer to the allegations in Count I ¶2 instead of the present amorphous response.

Next, a number of defendant's assertions (Count I ¶¶3 and 5-7 and Count II ¶¶5 and 6) fail to conform to the requirement of the second sentence of Rule 8(b) as the condition for obtaining a deemed denial (see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). Moreover, even

apart from the omission of that Rule's critical reference to "belief," those paragraphs improperly deny the Complaint's corresponding allegations based on an asserted inability to admit them.

Finally, AD 1 is at odds with Rule 8(c)(see also App. ¶5 to State Farm) because it fails to credit all of the Complaint's allegations as true, as is required for any AD. Like all of the paragraphs of the Answer referred to earlier, AD 1 is stricken.

Leave is granted to defense counsel to file an appropriate amendment to the present pleading, curing the flaws identified here, in this Court's chambers (with a copy to be transmitted contemporaneously to Meyers' counsel) on or before November 8, 2005. No charge is to be made to defendant by its counsel for the added work and expense incurred in correcting counsel's errors. Defendant's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                              Milton I. Shadur
                                              Senior United States District Judge

Date: October 27, 2005